IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WAGNER, ) | No. C 08-3208 MMC (PR) |
| Petitioner, ) | **ORDER OF PARTIAL DISMISSAL AND TRANSFER** |
| v. ) | |
| MATTHEW CATES, et al., ) | **(Docket No. 4)** |
| Respondents. ) | |
| _____ ) | |

     On July 3, 2008, petitioner, a California prisoner proceeding pro se and currently confined in the Sierra Conservation Center, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has applied for leave to proceed in forma pauperis.

     Petitioner makes the following allegations in his petition. In 1994, in the Superior Court of Napa County, petitioner entered a plea of no contest to a charge of unlawful sexual intercourse, a misdemeanor. Petitioner was granted probation; in 1998, he violated probation and was sentenced to three years in state prison. After his release from prison, petitioner was placed on parole; he was discharged from parole in 2003.

     In 2005, in the Superior Court of San Bernardino County, petitioner was convicted of two counts of being an ex-felon on jail grounds; his sentence was enhanced by one year because he had served a prior prison term. Both the conviction and the sentence enhancement were based on the 1994 Napa County conviction.

In 2007, petitioner filed state habeas petitions in Napa County Superior Court, the California Court of Appeal, and the California Supreme Court, claiming his Napa County conviction must be set aside because he had been told in 1994 he was pleading no contest to a misdemeanor charge of unlawful sexual intercourse, but the minute order from the plea hearing shows the prosecutor had amended the information to charge petitioner with unlawful sexual intercourse with a minor, a felony. All three petitions were denied.

In the instant petition, petitioner seeks to have the Napa County conviction vacated on the ground that his plea in that matter was not knowing and voluntary; further, insofar as the San Bernardino County conviction and sentence rely on the Napa County conviction, petitioner seeks to have the San Bernardino County conviction and sentence modified accordingly.

The federal writ of habeas corpus is available only to persons in custody at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). The "in custody" requirement is jurisdictional. Id. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not in custody for purposes of federal subject matter jurisdiction, and such petition is therefore properly dismissed. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). Here, petitioner is no longer in custody pursuant to the Napa County conviction and sentence, as he was discharged from parole in that matter in 2003. Consequently, petitioner cannot challenge the validity of his Napa County conviction and sentence by way of federal habeas corpus. Accordingly, petitioner's claim that his Napa County conviction and sentence must be vacated is hereby DISMISSED.

As noted, petitioner contends that his San Bernardino conviction and sentence must be modified because of the alleged unlawful Napa County conviction. The Supreme Court has held that, under certain limited circumstances, a petitioner who files a federal habeas petition may be able to challenge a sentence on which he currently is in custody on the ground that a prior conviction used to enhance that sentence was unconstitutionally obtained. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001). Petitioner's claim

2

1 cannot proceed in this court, however, as the Northern District is not the proper venue for
2 such claim.  Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the
3 district of confinement or the district of conviction.  See 28 U.S.C. § 2241(d).  In the instant
4 action, neither the district of confinement nor the district of conviction is located within the
5 venue of the Northern District of California.  Specifically, the Sierra Conservation Center,
6 where petitioner is confined, is located in Jamestown, California, which is located in
7 Tuolumne County; Tuolumne County, in turn, is located within the venue of the Eastern
8 District of California.  See 28 U.S.C. § 84(b).  Additionally, San Bernardino County, where
9 petitioner was convicted, is located within the venue of the Central District of California.
10 See id. § 84(c).

11     When venue is improper, the district court has the discretion to either dismiss the
12 action or transfer it "in the interest of justice."  See 28 U.S.C. § 1406(a).  As federal courts in
13 California traditionally have chosen to hear petitions challenging a conviction or sentence in
14 the district of conviction, see Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993);
15 Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968), the above-titled action is hereby
16 TRANSFERRED, in the interest of justice, to the district of conviction, the United States
17 District Court for the Central District of California.  In view of this transfer, the Court will
18 defer to the Central District with respect to petitioner's application to proceed in forma
19 pauperis.

20     This order terminates Docket No. 4.
21     The Clerk shall close the file.
22     IT IS SO ORDERED.
23 DATED: August 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3